IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STEVEN SERLING,                  §
                                 §
          Plaintiff,             §
                                 §
VS.                              §   NO. 4:05-CV-179-A
                                 §
AMERICAN AIRLINES, INC.,    §
                                 §
          Defendant.             §

MEMORANDUM OPINION
and
ORDER

On March 1, 2006, defendant, American Airlines, Inc.
("American"), moved for summary judgment on the sole claim
asserted by plaintiff, Steven Serling ("Serling"), in this suit.
Having considered the motion, the response, the reply, the
summary-judgment evidence, the applicable legal authorities, and
the joint pretrial order submitted by the parties on April 27,
2006, the court concludes that the motion should be granted.

I.

Plaintiff's Claim

On March 16, 2005, Serling filed his original complaint in
this court.  He contends that American terminated his employment
in retaliation for his having engaged in activities protected by
the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-
213.

II.

The Motion for Summary Judgment

American maintains that Serling cannot establish a prima
facie case of retaliation.  Even if there were evidence

establishing a prima facie case, American urges that it had a legitimate, non-retaliatory reason for terminating Serling's employment.  Moreover, American contends that it would have made the same employment decision irrespective of any consideration allegedly given to Serling having engaged in protected behavior.

III.

## Undisputed Facts

Serling began his employment for American as an aircraft mechanic in December of 1990.  From September 7, 2001, through March 7, 2002, American held Serling out of service due, in part, to a determination by American's Medical Department that he was unable to perform safety-sensitive work.  Disagreeing with this assessment, Serling filed a charge of discrimination with the Equal Employment Opportunity Commission on September 27, 2001. Subsequently, on December 27, 2001, he filed a lawsuit against American for disability discrimination.  In March of 2002, after being cleared by American's Medical Department, Serling returned to work for American.  The lawsuit settled approximately one year later, in February of 2003.

In the three years leading up to his termination, Serling had numerous performance and other work related problems.  The problems ranged from hygienic to, in the end, mistakes that had potentially destructive and hazardous consequences.  For example, on July 14, 2003, Serling improperly installed a clamp and failed

to engage a safety latch on a Tay 650 aircraft.[1]  He admitted
these mistakes to his direct supervisor, Victor Buchenot
("Buchenot").  Buchenot nonetheless conducted an investigation of
the incident, which included, inter alia, a physical inspection
of the clamp and the damaged aircraft engine and interviewing
other American employees.  Consistent with Serling's own
admission, Buchenot ultimately determined that Serling had, in
fact, improperly installed the duct and clamp and had failed to
engage the safety latch.  American deemed that the engine was
damaged beyond economic repair.

On July 15, 2003, the day after he damaged the engine in the
Tay 650 aircraft, Serling made another mistake while attempting
to unmount an aircraft engine from an engine shipping stand.
Though he should have first attached the engine to an overhead
hoist before removing the bolts from the stand, Serling began to
remove the bolts first, without attaching the engine to the
hoist.  And, again, he concedes this.  After having already
removed one bolt, another employee called the mistake to his
attention.  Serling then stopped and walked away from the area.
Buchenot also investigated this incident and determined that

---

[1]While Serling disputes the extent of damage to the engine and also
suggests that he was not "clearly" at fault for the damage, see Pl.'s Br. at
18-22, Serling has not seemingly come forward with any specific summary-
judgment evidence contradicting his admission that the incident was his fault.
See Def.'s App. at 142.  The district court has no duty to sift through record
in search of evidence to support a party's opposition to summary judgment.
Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998).

Serling had made a serious mistake that could have resulted in damage to the aircraft engine.  Buchenot further determined that Serling, by walking away, had failed to complete his assignment. When Buchenot asked him why he had walked away, Serling said that he was too nervous to stay and finish the work because the FAA was on site.  Serling's employment was subsequently terminated effective July 31, 2003.

Serling filed a grievance under the Collective Bargaining Agreement ("CBA") to appeal his termination.  Pursuant to the terms of the CBA, the grievance of Serling's termination was heard by the Chief Operating Officer, Patrick Stewart, who could decide to uphold or override the termination decision.  Patrick Stewart upheld Plaintiff's termination.  Serling's grievance was then heard on January 29 and February 20, 2004, by a three-member arbitration panel, including an independent arbitrator, a representative from the Union, and a representative from American.  The arbitration panel upheld American's decision, with the neutral arbitrator and the American representative signing the decision and the Union representative not signing it.

The neutral arbitrator, after hearing all of the evidence, concluded the following:

    a.    Serling failed to follow simple instructions from the Service Bulletin on marking bolts.

    b.    Serling failed to use a basic tool to align seat tracks.

    c.    Serling failed to accept training after failing to use a basic tool to align the seat tracks.

    d.    Serling failed to follow simple rules on badging in and

out that led to a First Advisory.

e.    Serling failed to properly install a clamp on a starter prior to July 14, 2003, as witnessed by Supervisor Blount.

f.    Serling failed to properly install the clamp on an off take duct, leading to damage to the Tay aircraft engine on July 14, 2003.

g.    Serling failed to follow correct aircraft engine dismounting procedure before July 15, 2003, when his crew chief observed him approaching a mounting stand with a wrench and appearing ready to remove bolts without safety support for the aircraft engine.

h.    Serling failed to follow correct aircraft engine dismounting procedure on July 15, 2003, when he removed bolts from a mounting stand without safety support as witnessed by two employees who stopped him before any damage or injury could occur.

i.    Serling failed to correctly harness an aircraft engine by placing the harness on backwards on July 15, 2003.

j.    Serling failed to remain on the job after being told that the harness was wrong on July 15, 2003.

k.    Serling failed to perform the simple task on July 15 because he was nervous about the FAA's presence.

l.    Serling showed a pattern of extremely poor judgment.

m.    The pattern of extremely poor judgment shown by Serling was characterized by a lack of safety and training concerns, by many failures to follow simple instructions and perform relatively simple mechanical tasks, and by failing to perform when he was being watched.

n.    The Final Advisory issued to Serling terminating his employment with American was warranted.

The arbitrator also specifically found that the Union had failed to produce records or other competent reliable evidence of disparate treatment.

IV.

Applicable Summary Judgment Principles

5

A party is entitled to summary judgment on all or any part of a claim as to which there is no genuine issue of material fact and as to which the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986).  The moving party has the initial burden of showing that there is no genuine issue of material fact.  <u>Anderson</u>, 477 U.S. at 256.  The movant may discharge this burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323-25 (1986).  Once the moving party has carried its burden under Rule 56(c), the non-moving party must do more than merely show that there is some metaphysical doubt as to the material facts. <u>Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 (1986).  The party opposing the motion may not rest on mere allegations or denials of pleading, but must set forth specific facts showing a genuine issue for trial.  <u>Anderson</u>, 477 U.S. at 248, 256.  To meet this burden, the nonmovant must "identify specific evidence in the record and articulate the 'precise manner' in which that evidence support[s] [its] claim[s]."  <u>Forsyth v. Barr</u>, 19 F.3d 1527, 1537 (5th Cir. 1994). An issue is material only if its resolution could affect the outcome of the action.  <u>Anderson</u>, 477 U.S. at 248.  Unsupported allegations, conclusory in nature, are insufficient to defeat a

proper motion for summary judgment.  <u>Simmons v. Lyons</u>, 746 F.2d
265, 269 (5th Cir. 1984).

V.

<u>Analysis</u>

Absent direct evidence of a retaliatory motive as here,[2] a
plaintiff may rely on circumstantial evidence to establish his
case, which, in turn, is analyzed under the evidentiary burden-
shifting framework of <u>McDonnell Douglas Corp. v. Greene</u>, 411 U.S.
792 (1973).  <u>See</u>, <u>e.g.</u>, <u>Russell v. McKinney Hosp. Venture</u>, 235
F.3d 219, 222 (5th Cir. 2000).  This framework requires plaintiff
first to establish a prima facie case.  <u>St. Mary's Honor Ctr. v.</u>
<u>Hicks</u>, 509 U.S. 502, 506 (1993).  If a plaintiff successfully
does so, a presumption of retaliation arises.  <u>Id.</u>  The burden
then shifts to the defendant to articulate a legitimate, non-
retaliatory reason for its actions.  <u>McDonnell Douglas</u>, 411 U.S.
at 802.  If the defendant meets this burden, then plaintiff must
offer evidence sufficient to create an issue of material fact
"'either (1) that the defendant's reason is not true, but is
instead a pretext for discrimination (pretext alternative); or
(2) that the defendant's reason, while true, is only one of the
reasons for its conduct, and another motivating factor is the
plaintiff's protected characteristic (mixed-motive[s]

---

[2]Direct evidence of retaliation is "evidence that, if believed, proves
the fact of discriminatory animus without inference or presumption."  <u>See</u>,
<u>e.g.</u>, <u>Sandstad v. CB Richard Ellis, Inc.</u>, 309 F.3d 893, 897 (5th Cir. 2002)
(citation omitted).  Serling does not appear to argue that such evidence is
present here nor has the court found any in the summary-judgment record.

7

alternative).'" <u>Rachid v. Jack in the Box, Inc.</u>, 376 F.3d 305, 312 (5th Cir. 2004) (quoting <u>Rishel v. Nationwide Mut. Ins. Co.</u>, 297 F. Supp.2d 854, 865 (N.D.N.C. 2003)).

If plaintiff proves that the articulated reason is a pretext for retaliation, summary-judgment for the defendant may still be appropriate if "no rational fact finder could find that the action was [retaliatory]." <u>Reeves v. Sanderson Plumbing Products, Inc.</u>, 530 U.S. 133, 148 (2000). If the plaintiff chooses the mixed motive alternative and proves that discrimination was a motivating factor, the burden shifts back to the defendant to prove that it would have made the same adverse employment decision regardless of retaliatory animus. <u>Rachid</u>, 376 F.3d at 312.

The ultimate determination in a retaliation case is whether the plaintiff's protected conduct was a "but for" cause of the adverse employment action. <u>Sherrod v. American Airlines, Inc.</u>, 132 F.3d 1112, 1121-22 (5th Cir. 1998) (citing <u>Long v. Eastfield College</u>, 88 F.3d 300, 308 (5th Cir. 1996). "In other words, even if a plaintiff's protected conduct is a substantial element in defendant's decision to terminate an employee, no liability for unlawful termination arises if the employee would have been terminated even in the absence of the protected conduct." <u>Long</u>, 88 F.3d at 305 n.4. In order to withstand a motion for summary judgment, the plaintiff must reveal a conflict in substantial evidence on the ultimate issue of retaliation. <u>Sherrod</u>, 132 F.3d at 1122. "Evidence is substantial if it is of 'such quality and

weight that reasonable and fair minded persons in the exercise of impartial judgment might reach different conclusions.'" <u>Id.</u> (citation omitted).

Assuming, without deciding, that Serling has established a prima facie case of retaliation, the court is amply satisfied that American is entitled to judgment as a matter of law, because American had a legitimate non-discriminatory reason for terminating Serling's employment.  The summary-judgment record reflects a history of poor job performance on Serling's part culminating in back to back serious mistakes objectively indicating that Serling posed a safety risk to property and persons at American.  The court's conclusion in this regard is further bolstered by the fact that an arbitration panel independently upheld Serling's termination and found that it was warranted.  <u>See</u>, <u>e.g.</u>, <u>Universal Am. Barge Corp. V. J-Kim, Inc.</u>, 946 F.2d 1131, 1137 (5th Cir. 1991) (court has discretion to give arbitral findings made under procedurally fair circumstances preclusive effect).  In short, Serling has failed to reveal a conflict in substantial evidence on the ultimate issue of retaliation.  <u>Sherrod</u>, 132 F.3d at 1122.  American, in turn, has established, as a matter of law, that it would have terminated Serling even in the absence of the protected conduct.  <u>Long</u>, 88 F.3d at 305 n.4.

VI.

<u>Order</u>

For the reasons discussed above, the court concludes that

9

American's motion for summary judgment should be granted.

Therefore,

The court ORDERS that Serling's cause of action be, and is hereby, dismissed with prejudice.

SIGNED April 28, 2006.

                                    /s/ John McBryde
                                    JOHN McBRYDE
                                    United States District Judge

10